That a fraudulent mutilation has been made of this bond is manifest from an inspection of it, for parts of the letters which form the word "teste"
are still remaining; whence the jury probably concluded that the witness's name had been taken off for the purpose of suppressing evidence of the consideration. If the witness's name were taken away it clearly destroyed the deed, by whomsoever done, since it was altering it in a material part. But if no witness's name were there and only the word "teste" has been cut off (a supposition difficult to make), still, if done by the obligee, it equally avoids the deed, and that question of fact was left to the jury. The only doubt is whether the word "teste" forms a part of the deed. I think the rule, if stated in precise terms, is that any alteration in the writing which the parties make to evidence their agreement, if made by the party claiming benefit under it, avoids it, whether the alteration be made in an obligatory or useless part; and more especially if done, as in this case, with a fraudulent design. If the party to whom a bond be given alter it in a material part it is conceded on all hands that it will avoid it. The *Page 113 
reason of the rule is equally applicable to an alteration in an useless part, and in odium spoliatoris ought alike to avoid it. It would be dangerous to countenance the least relaxation of a rule which guards so effectually the purity of written documents upon which the most cherished interests of men depend; nor do I think that the plaintiff should escape merely with the loss of the debt if the name of the subscribing witness were cut off with a fraudulent intent. The person doing the act and he who offers the paper in evidence with a knowledge of its having been done are guilty of a serious offense. The judgment must be
Affirmed.